974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TELECREDIT SERVICE CORP., Plaintiff-Appellant,
v.
ELECTRONIC TRANSACTION CORP.; Electronic Transaction Corp.
d/b/a "Scan"; David Alexander; Denis Dunann,
Defendants-Appellees.
 No. 91-55686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1992.
Decided Sept. 4, 1992.
 
 1
 Appeal from the United States District Court For the Central District of California, No. CV-90-2620-IH; Irving Hill, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER, District Judge.*
 
 OVERVIEW
 
 5
 Appellant Telecredit Services Corp. ("Telecredit") brought this unfair competition claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), against competitor Electronic Transaction Corp. ("ETC"). Telecredit alleged that ETC had violated the Lanham Act by circulating a flyer falsely claiming that ETC's prices were lower than Telecredit's. The district court granted summary judgment for ETC because it concluded that there was no evidence that the flyer had deceived consumers or that Telecredit had been injured by the flyer. Telecredit appeals the grant of summary judgment, as well as a prior district court order limiting its discovery. We affirm.
 
 STANDARD OF REVIEW
 
 6
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to Telecredit, there are any genuine issues of material fact and whether the district court correctly applied the law. Tzung v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 DISCUSSION
 1. Injunctive Relief
 
 7
 Telecredit's complaint sought both damages and an injunction preventing ETC from circulating the flyer in the future. ETC claims that because it ceased distributing the flyer in 1990 and has no plans to resume distribution, Telecredit's claim for injunctive relief is moot. In the Ninth Circuit, voluntary cessation of wrongful conduct moots a claim for injunctive relief only if "the reform of the defendant [is] irrefutably demonstrated and total." Polo Fashions, Inc. v. Dick Bruhn, Inc., 793 F.2d 1132, 1135 (9th Cir.1986).
 
 
 8
 That standard is met in this case. The district court questioned counsel for ETC extensively on this point:
 
 
 9
 COURT: Now, I want to discuss the matter of the injunctive prayer now. But I must ask the defendant a question. My memory of the evidence is that you have said that this document has not been used or sent out for a period of some years already; is that right? Or months? What is it?
 
 
 10
 MR. NOEL: Last July [1990], your honor, a letter from Mr. Carney of this firm to Mr. St. Marie representing the plaintiff made the representation that the sales sheet was not longer being used in commerce.
 
 
 11
 COURT: All right. And I take it you're prepared to assure the court and your opposition that no further use will ever be made of the document by sending it to potential customers; is that right?
 
 
 12
 MR. NOEL: Yes, sir.
 
 
 13
 COURT: Very well. You'll be bound by that statement; correct?
 
 
 14
 MR. NOEL: Very well, your honor.
 
 
 15
 COURT: All right. And your client obviously is bound?
 
 
 16
 MR. NOEL: Yes, sir.
 
 
 17
 (emphases added). ETC has provided ample assurance that it will not use the flyer again. The claim for injunctive relief is therefore moot.
 
 2. Damages
 
 18
 Telecredit also seeks damages for its alleged injuries resulting from ETC's distribution of the flyer. In Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 208 (9th Cir.1989), we set forth in some detail what a plaintiff must show to obtain damages in an unfair competition case. To obtain damages, Telecredit must show three things: (1) that ETC made false or deceptive statements to customers; (2) that those statements actually confused a significant portion of the consuming public; and (3) that Telecredit was injured by the statements. Id.[1]
 
 
 19
 Harper House held that the second element--actual confusion--will be presumed if the plaintiff can prove that the defendant intended to deceive those who received the flyer. Id. at 209; accord U-Haul Int'l v. Jartran, Inc., 793 F.2d 1034, 1041 (9th Cir.1986). The defendant is then entitled to rebut this presumption. See id. at 1040-41. The final element is actual injury to the plaintiff. Although under U-Haul the amount of damages may be presumed, id. at 1041, Harper House makes it clear that this presumption does not obviate the need for plaintiffs to show some injury.[2]
 
 
 20
 The first element--falsity--is not at issue on this appeal. Instead, the district court granted summary judgment on the basis of elements two and three: that Telecredit could not show that its customers actually were confused by ETC's flyer, and that Telecredit could not show that it was injured by the flyer. We affirm because we find that Telecredit has not shown any injury resulting from distribution of the flyer.
 
 
 21
 As noted above, although Telecredit may be entitled to a presumption of the amount of damages it has sustained, it bears the burden of proving that it has suffered some injury. Harper House, 889 F.2d at 209 ("The presumption of damages ... is not, however, a presumption of the fact of injury. Courts distinguish between the amount of proof needed to show that some damages were the certain result of a section 43(a) violation and the amount of proof needed to ascertain the exact amount of damage.").
 
 
 22
 Telecredit offers as proof of injury the fact that its growth rate slowed between 1988 and 1990, and the testimony of Telecredit's president that the company's "goodwill" suffered. However, Telecredit has simply offered no evidence whatsoever that any retailer quit using or failed to start using Telecredit's services because of the flyer. Nor has Telecredit offered proof that its reputation in the industry has been harmed by the flyer. As the district court found, "[p]laintiff can't show and has not shown any diminution of gross business or profits or loss of customers as a result of defendant's conduct." Absent any such evidence, Telecredit has not suffered any injury causally related to ETC's flyer. The district court's grant of summary judgment on this issue was proper.
 
 3. Discovery Motion
 
 23
 The district court limited Telecredit's discovery in three respects--it refused to let Telecredit discover all advertisements used by ETC, all documents relating to the cost of ETC's service, or all sales agreements between ETC and retailers. Instead, the court allowed discovery of those documents only to the extent they related to the allegedly false flyer or to customers who received the flyer. On appeal, Telecredit contends that the case should be remanded to provide Telecredit an opportunity for more discovery.
 
 
 24
 Trial judges have "wide discretion" in controlling discovery, and discovery rulings will not be overturned absent a "clear abuse of discretion." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988). The district court did not abuse that discretion in this case. The information Telecredit sought could conceivably have helped it prove falsity, and might have some indirect bearing on the likelihood of consumer confusion. Nonetheless, the district court allowed discovery of all materials relating to the flyer, which should have provided sufficient information for Telecredit to prove falsity and confusion. More important, since the court had already required ETC to disclose all documents relating to and agreements it made with companies who received the flyer, none of the additional information Telecredit requested could have helped it show actual injury. As noted above, Telecredit's case was doomed without such a showing. Where additional discovery will not affect a district court's ruling on the merits, denying that discovery is not an abuse of discretion. Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1181 (9th Cir.1988). We affirm the district court's discovery rulings.
 
 CONCLUSION
 
 25
 We affirm the district court's discovery rulings and its grant of summary judgment.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Telecredit contends that Harper House was overruled sub silentio by dictum in Cook, Perkiss & Liehe v. Northern Calif. Collection Serv., 911 F.2d 242, 244 (9th Cir.1990). In Cook, however, the court merely recited the standard to be used on a Fed.R.Civ.P. 12(b)(6) motion where the plaintiff seeks injunctive relief. The court there used a modified form of the Harper House test, requiring only that the false statements at issue "actually deceived or have the tendency to deceive" consumers, and that the "plaintiff has been or is likely to be injured." Id. These "likelihood" standards apply only to claims for injunctive relief, for which a lower quantum of proof is required than for damages. See, e.g., 2 T. McCarthy, Trademarks and Unfair Competition § 27:5, at 360 (1988) ("Compared to the showing necessary to obtain an injunction, a higher standard of proof is required to recover damages. For example, plaintiff must prove that at least some customers have been actually deceived, and that plaintiff has been injured by reason of actual consumer reliance on the false advertising."). The higher standard of Harper House, which was intended to apply to damage claims, governs here
 
 
 [2]
 Telecredit quotes extensively from cases in the Second Circuit, which have held that proof of falsity is sufficient to award both injunctive relief and damages. See PPX Ents. v. Audio Fidelity Ents., 818 F.2d 266, 272 (2nd Cir.1987). Whatever the merits of this view, it has never been adopted in the Ninth Circuit